**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS- TYLER DIVISION**

| | |
|---|---|
| ROBROY INDUSTRIES – TEXAS, LLC, | ) )  ) Case No. 6:16-cv-00005 ) ) ) *Electronically filed* ) ) ) ) |
| Plaintiff, | |
| vs. | |
| O'KOTE, INC. and ILAN BENDER, | |
| Defendants. | |

**COMPLAINT AND JURY DEMAND**

Plaintiff Robroy Industries – Texas, LLC ("Robroy"), by and through its undersigned counsel, hereby asserts a Complaint against Defendants O'kote, Inc. ("O'kote") and Ilan Bender, President of O'kote, seeking injunctive and other relief, and in support thereof avers as follows:

**NATURE OF THE ACTION**

1. This is a civil action for injunctive and other relief including monetary damages against O'kote and Mr. Bender for their acts of trademark infringement, false designation of origin, and unfair competition arising under the federal laws of the United States of America, as well as the laws of the State of Texas.

2. Robroy uses the color green as a trademark for its PVC coated conduit and accessories and fittings therefor, as more fully described below. Robroy owns a federal trademark registration protecting its trademark, and that registration recounts usage of the trademark by Robroy's predecessor companies dating back to 1968. O'kote and Mr. Bender are infringing Robroy's intellectual property by knowingly and willfully using the color green in the same fashion as Robroy on competing PVC coated conduit, accessories and fittings in an effort to infringe Robroy's trademark, confuse the consuming public and improperly benefit from and siphon Robroy's goodwill.

## PARTIES, JURISDICTION AND VENUE

3. Robroy is a Texas limited liability company with a principal place of business located at 1100 U.S. Highway 271S, Gilmer, Texas 75644.

4. Robroy is the owner of U.S. Reg. No. 2,760,966 for the color green as applied to the entire interior surface of conduits and fittings. The description of goods in the registration is "metal electrical conduits and fittings therefor, both having a plastic-coated exterior and a urethane-coated interior" ("Robroy Registered Mark"). A copy of the registration is attached hereto as Exhibit 1.

5. U.S. Reg. No. 2,760,966 claims use of the Robroy Registered Mark dating back to 1968, and the registration has achieved incontestable status.

6. The original registrant of The Robroy Registered Mark was Robroy Industries, Inc. Robroy Industries, Inc. assigned the Robroy Registered Mark and all associated goodwill to Robroy in 2012. Robroy Industries, Inc. acquired all right, title and interest in and to the mark and all goodwill associated with the mark in 1999 when it acquired the PERMA-COTE® business. A copy of the recorded assignment is attached hereto as Exhibit 2.

7. Robroy is the sole owner of all right, title and interest in and to the Robroy Registered Mark, and all associated goodwill.

8. Upon information and belief, O'kote is a California corporation with a principal place of business located at 957 Faulkner Road, #112, Santa Paula, California 93060.

9. Upon information and belief, Ilan Bender resides at 17525 Margate Street, Encino, California 91316. Mr. Bender is the President of O'kote. Upon information and belief, Mr. Bender is the principal operator of O'kote and personally makes decisions regarding, participates in, directs, exercises control over and benefits from O'kote's infringing activities as

alleged herein.

10. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. This Court has jurisdiction over Robroy's common law claims pursuant to 28 U.S.C. §§ 1332 and 1367.

11. This Court has personal jurisdiction over Defendants because, *inter alia*, Defendants are marketing infringing goods to potential customers in this District by way of, at least, an interactive website that is publicly available for use in this District at http://www.okote.net. The website is interactive in that it allows for users of the website with username and password information to log in to check inventory availability. The website also includes a product catalog offering infringing products for sale in this District and a pricing guide providing both price information and terms and conditions of sale for those infringing products. On information and belief, Defendants do business and/or actively solicit business with residents of Texas, and Defendants have intentionally targeted Texas as a forum in which to do business and have caused harm in Texas.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that O'kote and Mr. Bender advertise within this District, and on information and belief, service customers, and thus derive revenue, from unlawful activities in this District. On information and belief, O'kote employs a consultant that is located in this Circuit. Robroy is also suffering from the effects of Defendants' conduct in this District. Moreover, Robroy's production facility and a significant portion of the information pertaining to this dispute and the witnesses thereto are located in this District.

## **FACTS COMMON TO ALL COUNTS**

13. Robroy pioneered the PVC coated conduit market nearly fifty years ago and has been the market leader ever since. Robroy's products provide protection from corrosion and have become well-known over the years given the quality of the products and their superior design and function.

14. As a company that depends upon both the quality of its products and the reliability of its brand, Robroy has spent substantial sums securing and protecting its intellectual property interests.

15. Robroy is the owner of U.S. Reg. No. 2,760,966 for the color green as applied to the entire interior surface of conduits or fittings for "metal electrical conduits and fittings therefor, both having a plastic-coated exterior and a urethane-coated interior". U.S. Reg. No. 2,760,966 claims use of the trademark back to 1968 through Robroy's predecessor companies, and the registration has achieved incontestable status.

16. Robroy has used this trademark through its predecessor companies since 1968 throughout the United States on the interior surface of conduit, accessories and fittings.

17. In addition to the Robroy Registered Mark, since 1968, Robroy and its predecessor companies have also used the color green on the exterior of conduit fittings, on some portions of the exterior of conduit and on related accessories ("Robroy Common Law Mark"). Given the extensive use of green on conduit, accessories and fittings, the color green is used to advertise all of these goods in Robroy's catalog, and it prominently features a green header on every page of its catalog that matches the Robroy Registered Mark and Robroy Common Law Mark. *See, e.g.*, Exhibit 3.

18. The Robroy Registered Mark and Robroy Common Law Mark have been in use for nearly fifty years across the United States and particularly within the state of Texas.

19. Robroy has expended significant resources marketing its products using the Robroy Registered Mark and Robroy Common Law Mark.  As a direct result of the time, resources and effort dedicated to promoting the goods bearing the Robroy Registered Mark and Robroy Common Law Mark, Robroy's customers, its competitors and the general public have come to associate the high quality PVC coated conduit, accessories and fittings that are green in color with Robroy.

20. The Robroy Registered Mark and Robroy Common Law Mark have become very valuable business assets of Robroy, and Robroy has built up incalculable goodwill and value in its trademarks.

21. The Robroy Registered Mark and Robroy Common Law Mark, by virtue of their long-standing, widespread use have become recognized globally in the niche market of corrosion resistant non-electrified electrical systems and related construction.  Architects, engineers and contractors all know the Robroy Registered Mark and Robroy Common Law Mark, and domestic customers as well as international customers who order products through domestic distributors specifically request the "green products" from Robroy.

22. Robroy has advertised extensively throughout the United States, and particularly within the state of Texas, its conduit, accessories and fittings using the Robroy Registered Mark and Robroy Common Law Mark.

23. Robroy has sold significant volumes of goods in the United States, and particularly within the state of Texas that bear the Robroy Registered Mark and Robroy Common Law Mark.  Robroy sells approximately three million dollars' worth of products in Texas

annually, and nine million dollars' worth of products across the United States annually that bear the Robroy Registered Mark and/or the Robroy Common Law Mark.

24. The Robroy Registered Mark and Robroy Common Law Mark uniquely distinguish Robroy's goods as originating from Robroy in comparison to the goods offered by others, and the consuming public have come to recognize the Robroy Registered Mark and Robroy Common Law Mark as representative of Robroy.

25. O'kote was formed in September 2014.

26. O'kote's President, Ilan Bender, was a former consultant employed by Robroy prior to the formation of O'kote.

27. Mr. Bender's employment relationship with Robroy was terminated prior to Mr. Bender forming O'kote.

28. During the course of his employment with Robroy, Mr. Bender became aware of the Robroy Registered Mark and Robroy Common Law Mark. Mr. Bender knew at that time that the Robroy Registered Mark was protected by a federal trademark registration.

29. Upon information and belief, Mr. Bender, in his role as President of O'kote, has full knowledge of the Robroy Registered Mark and Robroy Common Law Mark and nonetheless directed use of the green color on O'kote's products and marketing materials.

30. O'kote is a competitor of Robroy and offers similar products under the exact same trademarks that are owned by Robroy.

31. O'kote's marketing materials and sales materials explicitly state O'kote's products have an interior green coating, which infringes the Robroy Registered Mark. *See, e.g.,* Exhibit 4.



32. O'kote's product photos in its marketing materials are indistinguishable from those of Robroy in that O'kote uses the Robroy Common Law Mark on products in the same way that Robroy has marked its products for many years prior to the formation of O'kote. For example, compare the following:

| O'kote's Infringing Product | Robroy's Product |
|---|---|
| | |



| **O'kote's Infringing Product** | **Robroy's Product** |
|---|---|

*See* Exhibits 3 and 4 for sources of images.  Moreover, O'kote's website and pricing and product guides use a green header and footer that is intended to cause confusion with Robroy's catalog and marketing materials.  *Id.*

33.   Upon information and belief, O'kote and Mr. Bender began using the Robroy Registered Mark and Robroy Common Law Mark in connection with products well after Robroy.

34.   Upon information and belief, O'kote and Mr. Bender market and sell O'kote products through a variety of marketing channels and to a consumer base that overlaps with those of Robroy.

35.   Upon information and belief, O'kote and Mr. Bender have selected and use green on O'kote's products and in its marketing materials for those products with the intent to ride the coattails of the well-known Robroy Registered Mark and Robroy Common Law Mark.

36.   Robroy never granted O'kote or Mr. Bender permission to use any intellectual property owned by Robroy on or in relation to any O'kote products.

37.   Upon information and belief, O'kote and Mr. Bender are continuing to use the Robroy Registered Mark and Robroy Common Law Mark in making, selling, offering to sell and distributing O'kote products.

38. As a result of the unauthorized and infringing acts of O'kote and Mr. Bender, Robroy's customers are likely to be confused as to source or have been confused as to source or affiliation of goods offered bearing the Robroy Registered Mark and Robroy Common Law Mark.

### COUNT I: FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1125)

39. Robroy incorporates each and every allegation of paragraphs 1 through 38 inclusive of this Complaint by reference as if fully set forth herein.

40. Robroy's use of the Robroy Registered Mark predates any alleged use of the mark by O'kote and/or Mr. Bender.

41. Robroy's registration of the Robroy Registered Mark predates any alleged use of the mark by O'kote and/or Mr. Bender.

42. O'kote and Mr. Bender knew of the Robroy Registered Mark prior to the time they began using the mark on their products, and their infringement of the Robroy Registered Mark is knowing and willful.

43. O'kote and Mr. Bender's unauthorized use of the Robroy Registered Mark is infringing Robroy's rights in violation of the Lanham Act, and is likely to lead to consumer confusion.

44. Robroy has never authorized, licensed or otherwise condoned or consented to O'kote or Mr. Bender's use of the Robroy Registered Mark or any confusingly similar imitations or iterations thereof on the O'kote products or advertisements of the same.

45. O'kote and Mr. Bender have and continue to misappropriate the Robroy Registered Mark, and the goodwill associated therewith. Unless restrained and enjoined by this Court, such conduct will continue and permit O'kote and Mr. Bender to gain an unfair

competitive advantage and allow O'kote and Mr. Bender to improperly interfere with Robroy's continued promotion and expansion of its business interests.

46. As a direct and proximate result of O'kote's and Mr. Bender's acts of infringement, Robroy has and continues to suffer damages in an amount that is not presently ascertainable, but will be established at trial, as well as irreparable harm. Robroy is entitled to all available and applicable remedies, including preliminary and permanent injunctive relief, disgorgement of O'kote's and Mr. Bender's profits, treble damages, costs and reasonable attorneys' fees.

**COUNT II: FEDERAL FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125)**

47. Robroy incorporates each and every allegation of paragraphs 1 through 46 inclusive of this Complaint by reference as if fully set forth herein.

48. O'kote's and Mr. Bender's use of the Robroy Registered Mark and Robroy Common Law Mark in connection with PVC coated conduit, accessories and fittings therefor is likely to deceive and cause confusion among customers, potential customers and the general public as to the source of origin of the goods offered by O'kote and Mr. Bender and the sponsorship or endorsement of those goods by Robroy.

49. O'kote's and Mr. Bender's use of the Robroy Registered Mark and Robroy Common Law Mark in commerce is likely to cause initial interest confusion among the general public.

50. Robroy has never authorized, licensed or otherwise condoned or consented to O'kote's and Mr. Bender's use of the Robroy Registered Mark and Robroy Common Law Mark or any confusingly similar imitations or iterations thereof on the O'kote products or advertisements of the same.

51. O'kote and Mr. Bender have unfairly profited from their actions.

52. O'kote and Mr. Bender have misappropriated and continue to misappropriate Robroy's substantial property rights in the Robroy Registered Mark and Robroy Common Law Mark, as well as the goodwill associated therewith. Unless restrained and enjoined by this Court, such conduct will continue and permit O'kote and Mr. Bender to gain an unfair competitive advantage and allow O'kote and Mr. Bender to improperly interfere with Robroy's continued promotion and expansion of its business interests.

53. O'kote's and Mr. Bender's acts of infringement are knowing and willful.

54. As a direct and proximate result of O'kote's and Mr. Bender's acts of infringement, Robroy has and continues to suffer damages in an amount that is not presently ascertainable, but will be established at trial, as well as irreparable harm. Robroy is entitled to all available and applicable remedies, including preliminary and permanent injunctive relief, disgorgement of O'kote's and Mr. Bender's profits, treble damages, costs and reasonable attorneys' fees.

**COUNT III: FEDERAL TRADEMARK DILUTION (15 U.S.C. § 1125)**

55. Robroy incorporates each and every allegation of paragraphs 1 through 54 inclusive of this Complaint by reference as if fully set forth herein.

56. The Robroy Registered Mark has acquired fame and distinctiveness in the United States.

57. O'kote and Mr. Bender's acts of infringement are diluting and blurring the distinctiveness of the Robroy Registered Mark.

58. Robroy has never authorized, licensed or otherwise condoned or consented to O'kote's and Mr. Bender's use of the Robroy Registered Mark or any confusingly similar imitations or iterations thereof on the O'kote products or advertisements of the same.

59. Unless restrained and enjoined by this Court, the diluting conduct will continue and permit O'kote and Mr. Bender to gain an unfair competitive advantage and allow O'kote and Mr. Bender to improperly interfere with Robroy's continued promotion and expansion of its business interests.

60. O'kote's and Mr. Bender's acts are knowing and willful.

61. As a direct and proximate result of O'kote's and Mr. Bender's acts, Robroy has and continues to suffer damages in an amount that is not presently ascertainable, but will be established at trial, as well as irreparable harm.  Robroy is entitled to all available and applicable remedies, including preliminary and permanent injunctive relief, disgorgement of O'kote's and Mr. Bender's profits, treble damages, costs and reasonable attorneys' fees.

## COUNT IV: COMMON LAW TRADEMARK INFRINGEMENT

62. Robroy incorporates each and every allegation of paragraphs 1 through 61 inclusive of this Complaint by reference as if fully set forth herein.

63. O'kote's and Mr. Bender's acts constitute trademark infringement of Robroy's common law rights in the Robroy Registered Mark and Robroy Common Law Mark.

64. On information and belief, O'kote and Mr. Bender have infringed Robroy's intellectual property with the intent to deceive the public into believing that the goods provided by them are made by, approved by, sponsored by and/or affiliated with Robroy.

65. O'kote's and Mr. Bender's acts were committed, and are being committed, with the intent to pass off and palm off O'kote's goods as those of Robroy and with the intent to defraud and deceive the public.

66. Robroy has never authorized, licensed or otherwise condoned or consented to O'kote or Mr. Bender's use of the Robroy Registered Mark or any confusingly similar imitations or iterations thereof on the O'kote products or advertisements of the same.

67. On information and belief, O'kote's and Mr. Bender's acts of infringement are knowing and willful.

68. O'kote and Mr. Bender have and continue to misappropriate the Robroy Registered Mark, and the goodwill associated therewith. Unless restrained and enjoined by this Court, such conduct will continue and permit O'kote and Mr. Bender to gain an unfair competitive advantage and allow O'kote and Mr. Bender to improperly interfere with Robroy's continued promotion and expansion of its business interests.

69. As a direct and proximate result of O'kote's and Mr. Bender's acts of infringement, Robroy has and continues to suffer damages in an amount that is not presently ascertainable, but will be established at trial, as well as irreparable harm. Robroy is entitled to all available and applicable remedies, including preliminary and permanent injunctive relief, disgorgement of O'kote's and Mr. Bender's profits, punitive damages, costs and reasonable attorneys' fees.

## COUNT V: COMMON LAW UNFAIR COMPETITION

70. Robroy incorporates each and every allegation of paragraphs 1 through 69 inclusive of this Complaint by reference as if fully set forth herein.

71. O'kote's and Mr. Bender's acts as described herein have had a substantial effect on commerce and constitute unlawful and unfair competition under the common law of the state of Texas.

72. As a direct and proximate result of these acts, Robroy has and continues to suffer damages in an amount that is not presently ascertainable, but will be established at trial, as well as irreparable harm. Robroy is entitled to all available remedies, including preliminary and permanent injunctive relief, disgorgement of Defendants' profits, punitive damages, costs and reasonable attorneys' fees.

### COUNT VI: TRADEMARK DILUTION (Tex. Bus. & Com. Code § 16.103)

73. Robroy incorporates each and every allegation of paragraphs 1 through 72 inclusive of this Complaint by reference as if fully set forth herein.

74. The Robroy Registered Mark and Robroy Common Law Mark have acquired distinctiveness, and are distinctive and famous.

75. O'kote and Mr. Bender's acts of infringement are diluting and blurring the distinctiveness of the Robroy Registered Mark and Robroy Common Law Mark.

76. Robroy has never authorized, licensed or otherwise condoned or consented to O'kote's and Mr. Bender's use of the Robroy Registered Mark and Robroy Common Law Mark or any confusingly similar imitations or iterations thereof on the O'kote products or advertisements of the same.

77. Unless restrained and enjoined by this Court, the diluting conduct will continue and permit O'kote and Mr. Bender to gain an unfair competitive advantage and allow O'kote and Mr. Bender to improperly interfere with Robroy's continued promotion and expansion of its business interests.

78. O'kote's and Mr. Bender's acts are knowing and willful.

79. As a direct and proximate result of O'kote's and Mr. Bender's acts, Robroy has and continues to suffer damages in an amount that is not presently ascertainable, but will be established at trial, as well as irreparable harm. Robroy is entitled to all available and applicable remedies, including preliminary and permanent injunctive relief, disgorgement of O'kote's and Mr. Bender's profits, punitive damages, costs and reasonable attorneys' fees.

**WHEREFORE,** Robroy prays that this Court enter an Order:

a. Preliminarily and permanently enjoining O'kote and Mr. Bender or anyone else acting in concert with them, or on their behalf from: (a) using any reproduction or colorable imitation of the Robroy Registered Mark and Robroy Common Law Mark in association with any PVC coated conduit, accessories or fittings therefor; (b) engaging in any other conduct that suggests or tends to suggest to the public that O'kote and Mr. Bender are in any manner, directly or indirectly, affiliated, connected or associated with Robroy or that o'Kote's goods or commercial activities originate from or are sponsored or approved by Robroy;

b. Requiring O'kote and Mr. Bender to account and disgorge to Robroy all profits made by them in connection with any and all commercial activity relating to their infringement;

c. Awarding to Robroy the damages it sustained as a result of O'Kote's and Mr. Bender's wrongful acts;

d. Awarding to Robroy all of O'kote's and Mr. Bender's profits, treble damages and attorney's fees pursuant to the provisions set forth in the Lanham Act;

 e. Awarding to Robroy punitive damages as a result of O'kote's and Mr. Bender's wrongful acts; and

 f. Granting Robroy any further relief that the Court deems to be just and proper.

## JURY DEMAND

Robroy respectfully requests a trial by jury on all issues triable thereby.

  Respectfully submitted,

Dated: January 8, 2016  By: /s/ *Cecilia R. Dickson*
  Kent E. Baldauf, Jr.
  Pa Bar No. 70793
  Cecilia R. Dickson
  Pa Bar No. 89348
  Bryan P. Clark
  Pa Bar No. 205708
  The Webb Law Firm
  One Gateway Center
  420 Fort Duquesne Blvd., Suite 1200
  Pittsburgh, PA 15222
  (412) 471-8815 (telephone)
  (412) 471-4094 (fax)
  kbaldaufjr@webblaw.com
  cdickson@webblaw.com
  bclark@webblaw.com

  ATTORNEYS FOR PLAINTIFF
  Robroy Industries – Texas, LLC